O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO GARCIA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>NABORS COMPLETION & PRODUCTION SERVICES CO., n/k/a C&J WELL SERVICES, INC., a Delaware corporation<br><br>　　　　　Respondent. | Case No. 2:22-cv-02291-DDP-JPR<br><br>**ORDER RE: PETITIONER'S MOTION TO CONFIRM FINAL ARBITRATION AWARD AND FOR FURTHER ATTORNEYS' FEES AND COSTS**<br><br>[Dkt. 20] |

Presently before the court is Petitioner Amado Garcia's ("Garcia") Petition to Confirm Final Arbitration Award and for Further Attorneys' Fees and Costs, and to Enter Judgment Against Respondent Nabors Completion and Production Services Co. ("Nabors"). (Dkt. 20.) Having considered the parties' submissions, the court adopts the following Order.

///

## I. BACKGROUND

Garcia performed oil well plug and abandonment work for Nabors in the Port of Long Beach, as part of a larger project to replace the Gerald Desmond Bridge. (See Dkt. 20-10.) On April 2, 2015, former Nabors employees who performed similar work on the project, filed a putative class action in state court against Nabors for violations under the California Labor Code, on behalf of themselves and similarly situated employees, including Garcia. (Dkt. 20-2, Donahoo Decl. Decl. ¶ 3.) Nabors removed the action to this Court, and thereafter filed a motion to compel arbitration pursuant to the parties' arbitration agreement. (Id. ¶¶ 5-6.) This Court denied the motion to compel arbitration. (Id. ¶ 6.) Nabors then appealed to the Ninth Circuit. (Id. ¶ 7.) The Ninth Circuit reversed and remanded the court's denial of the motion to compel arbitration. (Id. ¶ 12.)

On March 30, 2018, Garcia submitted a Demand for Arbitration to JAMS, asserting the following wage-and-hour violations: (1) failure to pay prevailing wages (Cal. Lab. Code §§ 1194, 1771, 1772, 1774 et seq.); (2) waiting time penalties (Cal. Lab. Code § 203); (3) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226(a)); and (4) unfair competition (Cal. Bus. & Prof. Code § 17200 et seq.). (Id. ¶ 13, Ex. C.) Thereafter, Honorable Richard D. Aldrich (Ret.) was appointed as arbitrator ("Arbitrator"). (Id. ¶ 19, Ex. F.)

Garcia filed a motion for summary adjudication pursuant to JAMS Employment Rule 18. (Id. ¶ 20.) On April 5, 2021, the Arbitrator granted Garcia's motion, finding the work Garcia performed was covered under the public works prevailing wage law. (Id. ¶ 21, Ex. G.) On September 8, 2021, the matter proceeded to a virtual arbitration hearing on damages. (Id. ¶ 23.) On December 31, 2021, the Arbitrator issued a Phase I Final Award. (Id. ¶ 23, Ex. H.) Through the Phase I Final Award, the Arbitrator awarded Garcia $260,536.79 in damages, including statutory interest thru December 14, 2021, and continuing at $34.47 per day on the unpaid wages and interest at the rate of 10% per annum until all wages and interest thereon are paid in full. (Id.)

Garcia then filed a motion to set the amount of attorneys' fees and costs with the Arbitrator.  (Id. ¶ 24.)  The Arbitrator granted the motion, accepting Garcia's requested fees and awarding a 1.5 multiplier to the lodestar amount.  (Id.)  On March 18, 2022, the Arbitrator issued a Phase II Final Award, and awarded Garcia a total of $248,874.38 in attorneys' fees and $5,273.25 in costs.  (Id., Ex. I.)

Garcia now moves to confirm the Final Arbitration Award and seeks $10,237 in post-award attorneys' fees and $402 in costs for filing of the initial complaint in this confirmation action. (Dkt. 16-1, Mot.; Donahoo Decl. ¶¶ 37, 45.)

**II. LEGAL STANDARD**

**A.  Confirmation of Arbitration Award**

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA.  9 U.S.C. § 9.  "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one."  Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).

The grounds for vacating an arbitration award are "limited" and "exclusive." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard."  Id.  As relevant here, Section 10 of the FAA permits vacatur where "the arbitrators exceeded their powers . . . ."  9 U.S.C. § 10.  Arbitrators "exceed their powers" "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law."  Id. at 997 (internal quotations omitted) (citations omitted).  "To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'"  Biller v. Toyota Motor

3

Corp., 668 F.3d 655, 665 (9th Cir. 2012) (quoting Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir. 2010)).

By contrast, Section 11(a) of the FAA permits modification or correction of an award under the following circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a)-(c).

If the court finds no basis to vacate, modify, or correct the arbitration award, the court must confirm the award.  9 U.S.C. § 9; see also Hall St. Assocs., 552 U.S. at 582.

### B.  Attorneys' Fees and Costs

An employee who prevails in a civil action pursuant to California Labor Code Sections 1194(a) and 226(e) is entitled to recover an award of reasonable attorneys' fees and costs.  See Cal. Lab. Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover . . . reasonable attorney's fees, and costs of suit."); Cal. Lab. Code § 226(e) ("An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [Section 226(a)] . . . is entitled to an award of costs and reasonable attorney's fees.").

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is reasonable."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The "starting point for determining the amount of a reasonable

fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. Although the fee applicant bears the burden of establishing entitlement to an award and documentation of the appropriate hours expended and hourly rates, a prevailing party "is not required to record in great detail how each minute of his time was expended." Id. at 437 n.12. The prevailing party seeking attorneys' fees need only "identify the general subject matter of his time expenditures" to meet its burden of establishing its fee request is reasonable. Id. This limited obligation reflects the broader policy that a "request for attorney's fees should not result in a second major litigation." Id. at 437.

## III. DISCUSSION

### A. Confirmation of Arbitration Award

Nabors contends that the Arbitrator exhibited a manifest disregard of the law through several alleged errors. (Dkt. 21, Opp. at 2.) Specifically, Nabors argues that the Arbitrator erred in the following:

> (1) rejecting, and not giving any deference to, the Labor Commissioner's decision that Nabors' subject work in the [Port of Long Beach] was "not within the jurisdiction of California Public Work Law" and therefore exempt from prevailing wage requirements; (2) awarding [Garcia] prevailing wages even though there are no prevailing wage rates—or applicable classifications—established by the Department of Industrial Relations ("DIR") for [Garcia's] oil field work; (3) awarding [Garcia] prevailing wages for non-publicly funded, non-[plug and abandonment] oil field work in the [Port of Long Beach]; (4) failing to award [Nabors'] claimed offset for the cost of providing fringe benefits to [Garcia] during the time he worked in the [Port of Long Beach]; (5) awarding [Garcia] waiting time penalties even though the evidence conclusively showed any failure by Nabors to pay prevailing wages was not willful; (6) awarding [Nabors] waiting time penalties, pre- and post-judgment interest, and wage statement damages even though [Garcia] entered into a severance agreement at the time of his termination that included

5

a release barring such claims; and (7) incorrectly calculated the fee multiplier awarded.

(Id.)  Nabors, however, fails to identify any instances in the record where the Arbitrator "recognized the applicable law and then ignored it."  See Biller, 668 F.3d at 665.  At best, the alleged errors are based on misinterpretation or misapplication of the law, or a misunderstanding of facts.  Such errors are insufficient to vacate, in whole or in part, an Arbitration Award.  See Collins v. D.R. Horton, Inc., 361 F. Supp. 2d 1085, 1100 (D. Ariz. 2005), aff'd, 505 F.3d 874 (9th Cir. 2007) ("Absent evidence … reliably demonstrating that the arbitrator actually misapplied the relevant law and did so with knowledge of the error of that action and/or the intention to nullify the law or an awareness that he was doing so, vacatur is not appropriate.").  "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law, or may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4)."  Kyocera, 341 F.3d at 1003.

Furthermore, vacatur is improper on the basis that the arbitrator rejected a party's argument without analysis or explanation.  Bosack v. Soward, 586 F.3d 1096, 1104 (9th Cir. 2009) (citing Wilko v. Swan, 346 U.S. 427, 436 (1953), overruled in part on other grounds by Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477 (1989).  ("An arbitrators' 'award may be made without explanation of their reasons and without a complete record of their proceedings.'").  "If they choose not to [provide reasons], it is all but impossible to determine whether they acted with manifest disregard for the law."  Id. (internal quotation marks and citations omitted).  Absent "some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it[,]" Bosack, 586 F.3d at 1104, "an arbitrator's silence on an issue carries no weight" for purposes of determining whether vacatur is appropriate under § 10(a)(4),

6

ValueSelling Associates, LLC v. Temple, No. 09-CV-1493-JM (MDD), 2011 WL 2532560, at *5 (S.D. Cal. June 23, 2011). Because Nabors has not established that the Arbitrator acted with manifest disregard of the law, the court declines to vacate the Arbitration Award.

The court therefore grants Garcia's Petition to confirm the Arbitration Award.[1]

### B. Attorneys' Fees and Costs

As the prevailing party in this action, Garcia is entitled to reasonable attorneys' fees and costs, including fees incurred in connection with the confirmation action. See Cal. Lab. Code §§ 1194(a), 226(e).[2] Thus, the only issue before the court is whether the requested fees and costs are reasonable.

Garcia seeks $10,237 in attorneys' fees. The court finds, and Nabors does not dispute, that the rates set forth by Garcia's counsel are within the range of reasonable rates for attorneys in the local community, taking into consideration the "experience, skill, and reputation of the attorney." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 908 (9th Cir. 1995). Specifically, the court finds that the following rates are reasonable:

---

[1] As the parties point out, the attorneys' fees awarded in the Phase II Final Award is miscalculated. The award of attorneys' fees in the Phase II Final Award should be $242,847.38. The court shall, therefore, modify the award to reflect the corrected amount. 9 U.S.C. § 11(a).

[2] Nabors contends, as it did in the related confirmation actions, see, e.g., Ridgeway v. Nabors Completion & Production Servs. Co., No. 15-cv-3436-DDP-JPR, 2021 WL 2646902, at *3 (C.D. Cal. June 25, 2021), Ridgeway v. Nabors Completion & Production Servs. Co., No. 15-cv-3436-DDP-JPR, 2021 WL 3184226, at *3 (C.D. Cal. June 25, 2021), Ronquillo v. Nabors Completion & Production Servs. Co., No. 21-cv-5535-DDP-JPR, 2022 WL 370958, at *1-2 (C.D. Cal. Nov. 22, 2021), Gutierrez v. Nabors Completion & Production Servs. Co., 21-cv-8435-DDP-JPR, 2022 WL 671547, at *3 n. 1 (C.D. Cal. Mar. 7, 2022), and Gibson v. Nabors Completion & Production Servs. Co., No. 21-cv-8450-DDP-JPR, 2022 WL 1092628, at *3 n.2 (C.D. Cal. Apr. 11, 2022), that Garcia is not entitled to post-award fees. (Opp. at 22.) The court stands by its previous analysis and rulings in the above-referenced matters regarding post-award fees. Accordingly, the issue of post-award fees is properly before this Court.

- Richard E. Donahoo, Attorney: $700/hour
- Sarah L. Kokonas, Attorney: $495/hour
- R. Chase Donahoo, Attorney: $425/hour
- Kelsey Ung, Paralegal: $295/hour

With respect to the time spent for work performed on this matter, Garcia's counsel has submitted billing records detailing the work performed and an accompanying declaration. (See Donahoo Decl. ¶¶ 37, 42-44 & Ex. I.) Garcia's motion and Richard Donahoo's declaration estimate that counsel spent a total of 16.3 hours on tasks related to the post-award confirmation action. (Mot. at 18; Donahoo Decl. ¶ 37.) Of these hours, Garcia claims that 4.7 hours are attributable to Richard Donahoo, 10.5 hours are attributable to R. Chase Donahoo, 0.3 hours are attributable to Sarah Kokonas, 0.8 hours are attributable to paralegal Kelsey Ung, and 3.0 hours are attributable to time Richard Donahoo anticipated he would spend preparing the reply and an anticipated judgment. (Mot. at 18; Donahoo Decl. ¶¶ 37, 42-44.) The court has adjusted these hours for reasonableness. Specifically, the court has subtracted 0.9 hours from the amount of time billed by R. Chase Donahoo in connection with the preparation of the confirmation motion. The court has subtracted 1.4 hours from the amount of time billed by Richard Donahoo to reflect the reduced amount of time reasonably required to revise or supplement the moving papers.

Applying the approved rates to the adjusted hours, the lodestar method yields the following result:

| Attorney/Paralegal | Reasonable Rate | Hours | Lodestar |
| --- | --- | --- | --- |
| Richard E. Donahoo | $700 | 6.3 | $4,410 |
| Sarah L. Kokonas | $495 | 0.3 | $148.50 |
| R. Chase Donahoo | $425 | 9.6 | $4,080 |
| Kelsey Ung | $295 | 0.8 | $236 |
| Total | | | $8,874.50 |

8

With these adjustments, the chart above reflects the reasonable number of hours expended by counsel in relation to the confirmation action and request for post-award fees. Thus, Garcia is entitled to $8,874.50 in fees and $402 for the cost of filing the complaint.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Garcia's Petition to Confirm the Arbitration Award. The Final JAMS Arbitration Award issued by Arbitrator Hon. Richard D. Aldrich (Ret.) on March 18, 2022, in the Arbitration JAMS Case No. 12200589019, is confirmed. This Court shall enter judgment in favor of Amado Garcia and against Nabors in the amount of $260,536.79 in damages, including statutory interest thru December 14, 2021, and continuing at $34.47 per day on the unpaid wages and interest at the rate of 10% per annum until all wages and interest thereon are paid in full, $242,847.38 in attorneys' fees, and $5,273.25 in costs as awarded by the Arbitrator.

The court further GRANTS Garcia's request for post-award attorneys' fees in the amount of $8,874.50 and for costs in the amount of $402.

**IT IS SO ORDERED.**

Dated: August 25, 2022

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE